## CHARACTER OF ALLOWANCE TO DIVORCED WIFE.

Common Pleas Court of Hamilton County.

HARRIET MOORE v. THE CENTRAL TRUST & SAFE DEPOSIT CO.

Decided, October Term, 1914.

*Divorce Granted on Aggression of Wife—Allowance Made to Her Becomes a Charge Against Husband's Estate After His Death.*

Where a decree of divorce is granted on the aggression of the wife, the fact that the allowance which is made to her is referred to in the decree as alimony does not change its character from an allowance made to her out of his estate, and so much thereof as remains unpaid at his death becomes a charge against his estate.

*Kramer & Bettman* and *John D. Ellis,* for the demurrer.
*Oliver & Oliver* and *E. A. Hafner,* contra.

NIPPERT, J.

The defendant in this case demurs to the petition of plaintiff on the ground that it does not contain facts sufficient to constitute a cause of action.

It appears that the plaintiff, Harriet Moore, widow of John D. Moore, was divorced from John D. Moore by reason of her aggression, and the decree of divorce contains, among other matters, the following:

"It further appearing that by agreement of the parties and their counsel, alimony has been agreed upon at the rate of forty dollars ($40) per month, * * * it is further ordered that the plaintiff pay alimony to the defendant in the sum of forty dollars ($40) per month, payable on the first day of each month, first payment to be made July 1, 1913, until the further order of this court, and in default of payment of said sum at any time, the same shall become a lien upon the following real estate belonging to plaintiff." (Here follows a description of the real estate.)

It further appears that John D. Moore, after the payment of four installments, died at the age of seventy-eight years, leaving an estate valued at about fifty thousand ($50,000) dollars, and Harriet Moore received no further payments on account of said

alimony since October, 1913. She filed her claim with the executor, who refused to pay the same, and now asks judgment against the said executor, the Central Trust & Safe Deposit Company, for the accumulated installments.

The demurrer raises a question as to the nature of this allowance; and, second, is this allowance an obligation resting against the estate of John D. Moore?

Under Section 11993 of the Code, if the divorce is granted to the husband by reason of the aggression of his wife, the court has no authority to order the husband to pay alimony to the wife; but "the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just."

The court in the case at bar ordered John D. Moore to pay to Harriet Moore the sum of forty ($40) dollars per month until the further order of the court, and in default of the payment of said sum at any time the sum should become a lien upon the property of Mr. Moore.

The fact that the allowance in this case was referred to as alimony in the decree of court can not affect the question of what the court had authority to do. The court had authority to adjudge to Mrs. Moore such share of her husband's estate as deemed reasonable. The court adjudged to Mrs. Moore the sum of forty ($40) dollars per month until further order of the court and gave Mrs. Moore a lien upon Mr. Moore's property in case he defaulted in his payments.

The court therefore holds that the allowance made was not in the nature of alimony, but was an allowance, properly made under Section 11993, and is in full force and effect "until further order of the court." No other order having been made, it must necessarily follow that Mrs. Moore is entitled to her monthly allowance of forty ($40) dollars heretofore granted, irrespective of the demise of John D. Moore, and the estate of said John D. Moore will be held liable for the payment of this allowance until further order of the court. See *Kelso* v. *Lovejoy*, 9 O. C. C. (N.S.), 539, affirmed by the Supreme Court April 30, 1907; also *Fiesler* v. *Fiesler*, 83 Ohio St., 200.

The demurrer will therefore be overruled.